**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| Brian D. Matson and | : | Case No.: 17-22468-GLT |
| Angela M. Matson, | : | |
| | : | |
| *Debtors.* | : | Chapter 13 |
| | : | |
| Brian D. Matson and | : | Doc. No.: |
| Angela M. Matson, | : | |
| *Movants,* | : | |
| | : | |
| v. | : | |
| | : | |
| Fay Servicing, LLC, | : | |
| *Respondent.* | : | |

**INTERIM MORTGAGE MODIFICATION ORDER**

On ***December 21, 2017*** the above named Debtors and Respondent ***Fay Servicing, LLC*** ("Creditor") entered into a trial modification (the "Trial Modification"), through the Court's *Loss Mitigation Program* (LMP), with respect to the ***first*** mortgage on the Debtors' residence. The terms of the Trial Modification require monthly payments in the amount of ***$1,581.47*** ("Trial Payments") to begin on ***January 1, 2018*** and to continue in that amount until ***June 1, 2018*** (the "Trial Modification Period"). In light of the need for an immediate change in the distribution to the Creditor, the Debtors request the Court to enter this *Interim Mortgage Modification Order* until a final, permanent modification can be presented to the Court for approval.

*AND NOW,* this _____ **day of** _____, ***2017***, for the foregoing reasons it is hereby ***ORDERED***, ***ADJUDGED and DECREED*** that:

(1)   The Chapter 13 Trustee is authorized and directed to modify the distributions to the above-named Creditor for the Trial Modification Period. Each Trial Payment shall be made in the

Amount of *$1,581.47* for the following months: *January 1, 2018, February 1, 2018, March 1, 2018, April 1, 2018, May 1, 2018 and June 1, 2018.* Following the Trial Modification Period, the Chapter 13 Trustee shall continue to make distributions in the same amount as the Trial Payments until further Order of Court.

(2) In the event that a Permanent Modification is reached between the Parties, the Debtor *immediately* shall file a *Motion to Authorize the Loan Modification* in compliance with *W.PA.LBR 9020-6(d).*

(3) The LMP Period is extended until fourteen (14) days after the expiration of the Trial Modification Period. If the Debtor has not filed a *Motion to Authorize the Loan Modification* within fourteen (14) days after the expiration of the Trial Modification Period, then the Debtor shall *immediately* file and serve either a *Motion to Extend the Loss Modification Period* pursuant to *W.PA.LBR 9020-5(b)* or a *Motion to Terminate the Loss Modification Program* pursuant to *W.PA.LBR 9020-5(c)* that sets forth the specific reasons why an agreement was not reached.

(4) Any Party may seek a further hearing regarding the amendment or termination of this *Order* at any time during the Trial Modification Period by filing an appropriate Motion.

(5) Within three (3) days of entry of this *Order*, Debtor shall serve this *Order* electronically on the Chapter 13 Trustee at the following email address: **LMP@chapter13trusteewdpa.com** and Debtor shall not be entitled to rely on CM/ECF or United States Mail for service of this *Order* on the Chapter 13 Trustee. The Debtor(s) Certificate of Service shall reflect service upon the above identified email address.

_____
UNITED STATES BANKRUPTCY JUDGE

Case administrator to serve:
    Debtor(s)
    Counsel for Debtor(s)
    [Counsel for Creditor]
    Ronda J. Winnecour, Esq. Ch 13 Trustee