Case 17-22468-GLT    Doc 116    Filed 06/14/19    Entered 06/15/19 00:54:33    Desc
Imaged Certificate of Notice    Page 1 of 5

FILED
6/12/19 12:47 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 17-22468-GLT |
| BRIAN D. MATSON and ANGELA M. MATSON, | |
| | Chapter 13 |
| *Debtors*. | |
| THE DEBT DOCTORS, LLC, | Related to Dkt. No. 109 |
| *Applicant,* | |
| v. | |
| NO RESPONDENT, | Hearing: July 3, 2019 at 10:00 a.m. |
| *Respondent.* | |

## ORDER

Before the Court is the *Application for Final Compensation* (the "Application") filed by The Debt Doctors, LLC (the "Applicant") which requests the allowance of legal fees and costs in the amount of $8,992.28 for the period of June 14, 2017 through May 25, 2018 in the above-captioned case.[1] The Applicant recently filed a *Certificate of No Objection* as no timely objection to the *Application* was filed by any party.[2] After finding that it has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §1334 and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b), the Court also concludes that due and proper notice of the *Application* and the objection deadline were given. Accordingly, the Court makes the following findings:[3]

---

[1]    Dkt. No. 109.

[2]    Dkt. No. 113.

[3]    This Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

1

A. Pursuant to 11 U.S.C. § 330(a)(4)(B), "the court may allow reasonable compensation to the debtor's attorney … based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." To determine the amount of reasonable compensation to be awarded, section 330(a)(3) directs the Court to consider the nature, extent, and value of such services, taking into account all relevant factors, including:

(i) The time spent on such services;

(ii) The rates charged for such services;

(iii) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered, toward the completion of the bankruptcy case;

(iv) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(vi) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[4]

B. Consistent with its duty to independently scrutinize fee applications,[5] the Court finds that some of the fees requested in the *Application* require adjustment because they are unreasonable or excessive in light of the tasks performed. Specifically, the *Application* unreasonably charges the Debtor for an entry that could not have generated any benefit to the estate. Within the *Application*, the Court identified the following item that appears to be erroneous:

---

[4] 11 U.S.C. § 330(a)(3).

[5] See 11 U.S.C. § 329(b); In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994).

| Description | Date | Time Charged | Amount Charged |
|---|---|---|---|
| Reviewed Order Confirming Plan | 6/22/2017 | 0.1 hours | $30 |

C. The first chapter 13 plan submitted in this case was on July 10, 2017.[6] The plan was confirmed on an interim basis on September 27, 2017, and the Applicant billed its review of that order.[7] The above-referenced item from June 22, 2017 therefore appears to be erroneous, as no plan had even been submitted as of that date. The Applicant billed 0.1 hours at $300 per hour for this item. Accordingly, the Court will reduce the requested fees by $30 ($300/h x 0.1 hour = $30).

D. The Court notes that the Applicant previously submitted numerous fee applications which were approved for payment because they did not present any issues of concern. In rendering these findings, the Court does not wish to convey that there are any systemic concerns about the Applicant's billing practices, nor does it wish to overly scrutinize each fee application beyond the standards required under section 330. Instead, the Court recognizes the volume of work that is required to prosecute a case on behalf of a consumer debtor and it acknowledges that legal counsel are entitled to be adequately compensated for their time and services. In this instance, however, the Court was compelled to make adjustments when it observed multiple time entries that are seemingly erroneous.

Based upon the foregoing, the Court finds that it is reasonable and appropriate to reduce the fees requested in the *Application* to an amount which is commensurate with the value of

---

[6]    Dkt. No. 15.

[7]    Dkt. No. 34.

the services received by the bankruptcy estate. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The *Application* is granted in the amount of $8,962.28 ($8,992.28 - $30 = $8,962.28) for legal fees and costs incurred during the period of June 14, 2017 through May 25, 2018. The *Application* is denied to the extent it seeks $30 in fees for the time entries referenced in paragraph B.

2. Considering the initial legal retainer received in the amount of $390 and the no-look fee paid by the chapter 13 trustee in the amount of $3,410, the Applicant has been granted $4,000 in fees to date. Accordingly, this Order grants an award of additional compensation in the amount of $4,962.28, for total compensation in the amount of $8,962.28 ($4,962.28 + $4,000 = $8,962.28).

3. The remaining unpaid balance of $4,962.28 is to be paid to The Debt Doctors, LLC through the chapter 13 plan. The fees must be paid from the Debtors' resources without decreasing the percentage or amount to be paid to other creditors.

4. The Clerk shall record the total award of compensation in the amount of $8,962.28.

Dated: June 12, 2019

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

cm:  Debtors
     Matthew Herron, Esq.
     Ronda J. Winnecour, Chapter 13 trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                              Case No. 17-22468-GLT
Brian D. Matson                                                     Chapter 13
Angela M. Matson
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: lfin              Page 1 of 1              Date Rcvd: Jun 12, 2019
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 14, 2019.
db/jdb         +Brian D. Matson,    Angela M. Matson,    1410 Route 286,    Export, PA 15632-1958

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 14, 2019                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2019 at the address(es) listed below:
              Adam Bradley Hall    on behalf of Creditor    WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
               INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 amps@manleydeas.com
              James  Warmbrodt    on behalf of Creditor    WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
               INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 C/O FAY SERVICING LLC
               bkgroup@kmllawgroup.com
              James  Warmbrodt    on behalf of Creditor    WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
               INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 bkgroup@kmllawgroup.com
              Jill  Manuel-Coughlin    on behalf of Creditor    PennyMac Loan Services, LLC jill@pkallc.com,
               chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
               ;mary.raynor-paul@pkallc.com;amanda.rauer@pkallc.com
              Joseph Paul Covelli    on behalf of Creditor    PHEPLE FEDERAL CREDIT UNION f/k/a WESTMORELAND
               COMMUNITY FEDERAL CREDIT UNION covellilawoffices@yahoo.com
              Karina  Velter    on behalf of Creditor    Wilmington Trust, National Association
               amps@manleydeas.com
              Matthew M. Herron    on behalf of Joint Debtor Angela M. Matson mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Matthew M. Herron    on behalf of Debtor Brian D. Matson mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Matthew M. Herron    on behalf of Attorney    The Debt Doctors, LLC mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Gas Company LLC, f/k/a Peoples TWP LLC
               sjw@sjwpgh.com,    srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              S. James Wallace    on behalf of Creditor    Peoples TWP LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                              TOTAL: 13