FILED
2/19/21 9:56 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 17-22468-GLT |
| | : | |
| Brian D. Matson, | : | Related to Dkt. No. 146 |
| Angela M. Matson | : | |
| *Debtor*s | : | Hearing: April 1, 2021 at 11:00 AM |
| | : | |

### ORDER CONVERTING CASE UNDER CHAPTER 13 TO CASE UNDER CHAPTER 7, SETTING DEADLINES, SCHEDULING STATUS CONFERENCE, AND TERMINATING WAGE ATTACHMENT

The Debtors filed a motion to convert their chapter 13 case in accordance with 11 U.S.C. §1307(a) to a case under chapter 7 of title 11 of the U.S. Code.

Based upon the foregoing, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that:

1. On or before March 19, 2021, any party-in-interest who challenges the good faith of the conversion shall file a motion setting forth the basis of the challenge and specifically identifying the relief requested.

2. The wage attachments issued in this case are immediately terminated. The Debtors shall serve a copy of this order on the employers.

3. On or before March 5, 2021, the Debtor shall file a schedule of all unpaid debts incurred after the commencement of the chapter 13 case and before conversion as required by Fed. R. Bankr. P. 1019(5)(B)(i).

4. On or before March 5, 2021, the Debtor shall file the statements and schedules required by Fed. R. Bankr. P. 1019(1)(A) and 1007(b), if such documents have not already been filed.

5. On or before March 21, 2021, the Debtors shall file a statement of intention with respect to the retention or surrender of estate property securing a debt, as required by 11 U.S.C. §521(a)(2) and Fed. R. Bankr. P. 1019(1)(B) and conforming to Official Form 8.

6. The chapter 13 trustee shall immediately turn over to the chapter 7 trustee all records and property of the estate remaining in her custody and control, as required by Fed. R. Bankr. P. 1019(4), except that any remaining funds that do not constitute property of the chapter 7 estate shall be returned to the Debtors.

7. On or before April 20, 2021, the chapter 13 trustee shall file an accounting of all receipts and distributions made using UST Form 13-FR-S: Chapter 13 Trustee's Final

Report and Account. Once the she has done so, the chapter 13 trustee is discharged from her duties in this case. The Court retains jurisdiction over the final report and account.

8. If the case is converted after the confirmation of a plan, then on or before March 21, 2021, the Debtors shall file:

   a. A schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order, as required by FED. R. BANKR. P. 1019(5)(C)(i);

   b. A schedule of unpaid debts not listed in the chapter 13 trustee's final report and account, as required by FED. R. BANKR. P. 1019(5)(C)(ii); and

   c. A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order, as required by FED. R. BANKR. P. 1019(5)(C)(iii).

   The schedule of claimants under subsection (b) of this paragraph shall be filed by entering additional claimants into the CM/ECF system via "Creditor Maintenance." A list of said claimants shall be attached to the FED. R. BANKR. P. 1019 Report.

9. If the Debtors fail to timely file the documents required by this *Order* and FED. R. BANKR. P. 1019, a status conference shall be held on April 1, 2021 at 11:00 AM, in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pa. 15219 to determine whether additional measures are necessary to compel compliance.

10. The Clerk of Court shall send the notice required by FED. R. BANKR. P. 1019(6). If the report and schedules per paragraphs 3, 8(b), and 8(c) of this *Order* are filed in time for the Clerk to include postpetition creditors in the § 341 notice mailing, the Clerk shall include them in that mailing. Otherwise, the Clerk shall send the notice required by FED. R. BANKR. P. 1019(6) **within ten days of the filing of the report and schedules**.

11. On or before April 5, 2021, all chapter 13 fee petitions by any professional shall be filed. Any fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case," and its hearing shall be self-scheduled on Judge Taddonio's chapter 13 motions calendar.

12. On or before February 24, 2021, counsel for the Debtors shall serve a copy of this *Order* on all creditors in the case and file a Certificate of Service.

Dated: February 19, 2021

GREGORY L. TADDONIO    drb
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Brian D. Matson
Angela M. Matson
Matthew M Herron, Esq.
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee

2

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 17-22468-GLT |
| Brian D. Matson | Chapter 7 |
| Angela M. Matson | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: dpas | Page 1 of 2 |
| Date Rcvd: Feb 19, 2021 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 21, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | + Brian D. Matson, Angela M. Matson, 1410 Route 286, Export, PA 15632-1958 |
| | Ronda J. Winnecour, Esq., 3250 U.S. Steel Tower, Pittsburgh, PA 15219, US |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Feb 21, 2021 | Signature: | /s/Joseph Speetjens |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 19, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam Bradley Hall | on behalf of Creditor WILMINGTON TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 amps@manleydeas.com |
| Brian Nicholas | on behalf of Creditor WILMINGTON TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 bnicholas@kmllawgroup.com |
| Brian Nicholas | on behalf of Creditor WILMINGTON TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 C/O FAY SERVICING LLC bnicholas@kmllawgroup.com |
| Charles O. Zebley, Jr. | COZ@Zeblaw.com PA67@ecfcbis.com;Lyndie@Zeblaw.com |

| | | |
|---|---|---|
| District/off: 0315-2 | User: dpas | Page 2 of 2 |
| Date Rcvd: Feb 19, 2021 | Form ID: pdf900 | Total Noticed: 2 |

Jill Manuel-Coughlin
    on behalf of Creditor PennyMac Loan Services  LLC bankruptcy@powerskirn.com

Joseph Paul Covelli
    on behalf of Creditor PHEPLE FEDERAL CREDIT UNION f/k/a WESTMORELAND COMMUNITY FEDERAL CREDIT UNION covellilawoffices@yahoo.com

Kaitlin Shire
    on behalf of Creditor Fay Servicing LLC kshire@hillwallack.com skenny@HillWallack.com;lharkins@hillwallck.com;hwbknj@hillwallack.com

Karina Velter
    on behalf of Creditor Wilmington Trust  National Association amps@manleydeas.com

Matthew M. Herron
    on behalf of Joint Debtor Angela M. Matson mmh@thedebtdoctors.com  hgs@thedebtdoctors.com;alb@thedebtdoctors.com

Matthew M. Herron
    on behalf of Debtor Brian D. Matson mmh@thedebtdoctors.com  hgs@thedebtdoctors.com;alb@thedebtdoctors.com

Matthew M. Herron
    on behalf of Attorney The Debt Doctors  LLC mmh@thedebtdoctors.com, hgs@thedebtdoctors.com;alb@thedebtdoctors.com

Michael J Shavel
    on behalf of Creditor Wilmington Trust  National Association mshavel@hillwallack.com, skenny@hillwallack.com;lharkins@hillwallack.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

S. James Wallace
    on behalf of Creditor Peoples Gas Company LLC  f/k/a Peoples TWP LLC ecfpeoples@grblaw.com, PNGbankruptcy@peoples-gas.com

S. James Wallace
    on behalf of Creditor Peoples TWP LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com

TOTAL: 16